UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

TRACY MORGAN, on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

OCEAN DETAILING USA MANAGEMENT, INC.,
a Florida Profit Corporation and RUSSELL C. GRANDE,
 individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TRACY MORGAN, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against OCEAN DETAILING USA MANAGEMENT, INC, a Florida Profit Corporation ("Defendant" or "Ocean") and RUSSELL C. GRANDE ("Defendant" or "Grande")(collectively, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. Plaintiff worked as a piece rate/commission paid car detailer for Defendants throughout Florida.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated employees of Defendants, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continue to employ individuals similarly situated to Plaintiffs (*i.e.* car detailers) throughout Florida; (2) paid these workers on a commission or piece-

rate basis; (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendants failed to properly pay additional overtime premiums.

4. The U.S. Department of Labor ("DOL") recognizes that Car Wash and Auto Detailing jobs, like those held by Plaintiff for Defendants, condemn their employer's non-payment of an employee's hours worked over forty (40) per workweek. *See* DOL Fact Sheet #76, attached hereto as Exhibit A.

5. Specifically, the DOL states:

> "Covered non-exempt employees must receive overtime pay for all hours worked over 40 in a workweek at a rate not less than time and one-half their regular rate of pay (overtime must be calculated on a workweek basis regardless of the payroll frequency). The regular rate of pay includes most remuneration for employment (including wages, tip credit claimed, nondiscretionary bonuses, commissions, etc.) divided by the total number of hours worked in the workweek*."Id*.

6. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly situated employees.

7. Plaintiff will seek conditional certification and notice to an opt-in class of all piece rate/commission paid car detailer employees pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendants during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

11.     Plaintiff is an adult resident of Florida and was employed by Defendants as a piece rate/commission paid car detailer employee from approximately April 1, 2020, through March 30, 2021(52 weeks).

12.     During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA and Defendants treated him as an employee by withholding taxes and other required deductions from his pay.

13.     During the Relevant Liability Period, Defendants failed to pay Plaintiff for all overtime hours worked and denied Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

14.     Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit B*.

15.     Defendant Ocean is a Florida profit corporation doing business in Florida and is within the jurisdiction of this Court.

16.     Defendant Ocean is an auto detailing company that provides auto detailing services providing onsite detailing services to auto dealers.

17.     At all times material hereto, Defendant, "Ocean" was conducting business in Lake Butler, Union County, Florida, with its principal place of business in that city.

18.     At all times material hereto, Defendant Grande was and is an individual resident of the State of Florida, Palm Beach County, who owns and operates Ocean, and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and has sole control the finances and operations of Ocean. By virtue of such control and authority, Grande is an "employer" under the FLSA.

19.     Defendants are a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendants employed Plaintiff and other piece rate/commission paid car detailer employees.

20.     At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

21.     At all times material hereto, during their employment with Defendants, Plaintiff and those similarly situated to Plaintiff, were engaged in interstate commerce.

22. The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendants similarly situated to Plaintiffs who are or were subject to the payroll practices and procedures described in the paragraphs below.

23. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs, and those current and former employees similarly situated to Plaintiffs, performed hours of service for Defendants in excess of forty during one or more workweeks, for which Defendants failed to properly pay additional compensation.

24. In the course of their employment with the Defendants, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, worked the number of hours required of them, many times in excess of forty (40), but were not properly paid overtime.

25. Further, at all times pertinent to this Complaint, Defendants failed to comply During the Relevant Liability Period, Defendant employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

26. During the Relevant Liability Period, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

27. Defendants own and operates a large-scale auto-detailing company in Florida.

28. During the relevant limitations period, Defendant has employed numerous piece rate/commission paid car detailer employees like Plaintiff.

29. Defendants' piece rate/commission paid car detailer employees are the backbone of the company, providing Defendants services to the public.

30. Defendants' have employed Plaintiff and similarly situated employees as piece rate/commission paid car detailer employees or in equivalent positions with similar job duties, however titled.

31. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on a piece rate/commission basis.

32. Defendants have, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, as it fails to accurately record their actual hours worked, let alone offer proper additional payment for hours worked over forty (40) per week.

33. Plaintiff and all other similarly situated individuals routinely work/worked over forty (40) hours in a work week but were not paid proper overtime wages for all of that work, as required by the FLSA.

34. Defendant's policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

35. Defendant knew, and has known, that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## STATEMENT OF CLAIM

36. Plaintiff worked for Defendants as a non-exempt employee, paid piece rate for each vehicle he detailed at the Smith Kia dealership.

37. Defendants and the auto dealerships had a contract to detail new and used cars, as well as employees' vehicles.

38. Plaintiff would earn $7.00 dollars to detail used vehicles, no matter how long it took to clean. Plaintiff earned approximately $10.00 to detail a new vehicle. Plaintiff's duties were to clean, wax, buff and fully detail vehicles as directed and needed.

39. Plaintiff's schedule varied, however, for the most part he worked from 7:30a.m. to 9:00 p.m. or until the last deal for the dealership was finished, six days per week.

40. Plaintiff would have to sit and wait for vehicles to detail and was not paid for any wait time or any hours over 40 per workweek.

41. Plaintiff worked approximately twenty-five (25) overtime hours per workweek.

42. Plaintiff's damages are estimated and reserves the right to amend this initial calculation as discovery commences.

43. Plaintiff calculates he is owed approximately, calculated as follows:

April 1, 2020, through March 30, 2021(52 weeks).

$8.56 per hour (MW) x 1.5=$12.84(overtime rate)

$12.84 x 25(overtime hours worked per week) =$321.00(owed per week)

$321.00 x 52 weeks=$16,692.00(unliquidated) $33, 384.00 (liquidated)

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 43.

45. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed by Defendants in Florida as piece rate and/or commission paid car detailer employees at any time during the past three years (plus any applicable tolling) who were not paid full and proper overtime compensation for all overtime hours worked over 40 per workweek.

46. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

47. The class is so numerous that joinder of all members is impracticable. There are numerous piece rate/commission paid car detailer employees employed by Defendants in Florida at any one time.

48. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

49. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' policies and practices of failing to pay full and proper overtime compensation to all piece rate/commission paid car detailer employees.

50. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 42 with respect to all piece rate/commission paid car detailer employees.

52. During the FLSA Relevant Liability Period, Defendants failed to accurately record all hours worked by all piece rate/commission paid car detailer employees and did not fully compensate piece rate/commission paid car detailer employees for all of their hours worked for Defendants in excess of forty (40) per week as required by Section 207 of the FLSA.

53. Piece rate/commission paid car detailer employees are/were victims of a common and illegal policy and plan by Defendants to deny them overtime compensation required by the FLSA.

54. Defendants' failure to pay piece rate/commission paid car detailer employees in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

55. Plaintiff, on behalf of himself and other piece rate/commission paid car detailer employees seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all piece rate/commission paid car detailer employees demands judgment against Defendants and prays this Court:

    a. Issue notice to all piece rate/commission paid car detailer employees who are/were employed by Defendants at any time during the Relevant Liability Period, in Florida informing them of their right to file consents to join this action;

    b. Declare Defendants' policy of failing to keep accurate time records and not paying piece rate/commission paid car detailer employees full and proper overtime pay illegal under the FLSA;

    c. Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

    d. Award Plaintiff and all other piece rate/commission paid car detailer employees' unpaid overtime compensation;

    e. Award Plaintiff and all piece rate/commission paid car detailer employees an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

    f. Award piece rate/commission paid car detailer employees pre-judgment interest if liquidated damages are not awarded;

    g. Award piece rate/commission paid car detailer employees post-judgment interest as provided by law;

    h. Award piece rate/commission paid car detailer employees reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

    i. Award piece rate/commission paid car detailer employees such other relief as the Court deems fair and equitable

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 16th day of November 2021.

            Respectfully submitted,

            /s/ **NOAH E. STORCH**
            Noah E. Storch, Esquire
            Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

# EXHIBIT A

**U.S. Department of Labor**
**Wage and Hour Division**



(November 2010)

# Fact Sheet #76: Car Wash and Auto Detailing Establishments Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning the application of the FLSA to employees of car wash and auto detailing establishments.

**Characteristics**

Car wash and auto detailing establishments are primarily engaged in providing wash and detail services to the general public. Some establishments also sell car care products, gas, lube, snacks, and beverages.

**Coverage**

Car wash employees are typically covered by the FLSA. Specifically, all employees of a car wash business that has at least two employees handling, selling, or otherwise working on goods or materials (such as machines, equipment, tools, supplies and cleaners that were transported or produced out-of-state) and whose annual sales or business is $500,000 or more, whether from a single establishment or from multiple establishments, are covered by the FLSA's minimum wage and overtime requirements unless exempted. Even if the car wash business is not a covered enterprise, an employee may be individually covered if he or she is engaged in interstate commerce or in the production of goods for interstate commerce, which may be established if the employee regularly communicates (such as by phone) with persons out-of-state, prepares, handles, or in any manner works on materials of any type moving in interstate commerce, handles records of interstate transactions, or handles credit card transactions that involve the interstate banking and finance system.

**Requirements**

- Minimum Wage: Covered non-exempt employees must receive at least the federal minimum wage of $7.25 per hour (state laws may require a higher minimum wage). Wages are due on the regular payday for the pay period covered. Deductions from wages for items such as required uniforms or shortages are illegal if they reduce the employee's wages below the minimum wage or cut into any overtime pay.
- Tips: Tips may be included as part of wages for employees who customarily and regularly receive more than $30 a month in tips. For tips to be used as a credit against the minimum wage due, the employer must inform its tipped employees in advance that it will be paying a reduced tipped wage, advise them of the tip credit amount claimed, and pay them at least $2.13 an hour in direct wages. The employer must also ensure that the amount of tips actually received plus the direct wages paid are enough to meet its minimum wage obligation (or otherwise pay the difference in wages). Tipped employees must retain all of their tips, except to the extent that they participate in a valid tip pooling or sharing arrangement. (Certain states have different rules on tips.)
- Overtime: Covered non-exempt employees must receive overtime pay for all hours worked over 40 in a workweek at a rate not less than time and one-half their regular rate of pay (overtime must be calculated on a workweek basis regardless of the payroll frequency). The regular rate of pay includes most remuneration for employment (including wages, tip credit claimed, nondiscretionary bonuses, commissions, etc.) divided by the total number of hours worked in the workweek.

FS 76

- [Records](#): The FLSA requires covered employers to keep accurate records of wages, hours, and other items, as specified in the recordkeeping requirements under 29 C.F.R. Part 516.  Wage records must include each non-exempt employee's regular rate of pay, hours worked each day and workweek, total straight-time and any overtime earnings, all deductions from wages, and net wages actually paid.
- [Rest and Meal Periods](#):  The FLSA does not require rest or meal breaks, although state laws may.  In general, hours worked include all time an employee must be on duty or at the place of work, including waiting time and periods of inactivity controlled by the employer but not bona fide meal periods or off duty time.  All hours worked must be paid.  Employers allowing or requiring short breaks or rest periods, usually 20 minutes or less, must count the time as hours worked.  Bona fide meal periods (typically 30 minutes or more) generally need not be compensated as work time so long as the employee is completely relieved from duty.
- [Child Labor and Minimum Wage](#):  In nonagricultural employment, the FLSA forbids the employment of minors under age 14, restricts the hours of work and permitted occupations for 14- and 15-year-olds, and forbids the employment of minors under age 18 in hazardous occupations.  Employers may pay a youth minimum wage of not less than $4.25 an hour to employees under 20 years old during the first 90 consecutive calendar days after initial employment (unless state law provides for a higher minimum wage).

**Typical Problems**

1. Failure to record and pay all hours actually worked, such as time spent working before or after the shift and waiting during down time or rain delays.
2. Failure to maintain complete and accurate time and payroll records.
3. Failure to pay at least the minimum wage and overtime for non-exempt employees, such as those paid hourly, piece rate, day rate, or salary.  For example, employees being paid a day rate in cash that is insufficient to cover the minimum wage requirement for all hours worked and overtime for all hours worked over 40 in the workweek.
4. Illegal deductions for shortages, uniforms, supplies, loss of merchandise, and customer walkouts, etc., which reduce an employee's pay below the minimum wage or reduce required overtime pay.
5. Compensating solely by tips; the tips received are not sufficient to make up the difference between the employer's direct wage payments and the minimum wage; not allowing employees to retain all tips received; or implementing unlawful pooling or sharing of tips.
6. Failure to calculate and pay overtime hours on a workweek basis even if employees are paid on a bi-weekly or semi-monthly basis.
7. Classifying certain employees as "contract laborers" or "independent contractors" and thus not treating them as "employees" covered by the FLSA's provisions.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division website: [www.wagehour.dol.gov](http://www.wagehour.dol.gov) or call our toll-free information and helpline, 1-(866)-4USWAGE (1-(866)-487-9243), available 8 a.m. to 5 p.m. in your time zone.**  This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building **1-866-4-USWAGE**
200 Constitution Avenue, NW TTY: 1-866-487-9243
Washington, DC 20210 **[Contact Us](#)**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

TRACY MORGAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

OCEAN DETAILING USA MANAGEMENT, INC.,
a Florida Profit Corporation and RUSSELL C. GRANDE,
individually,

    Defendants.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, TRACY MORGAN, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this  11/16/21  day of November, 2021

Signature: _____
Tracy Morgan (Nov 16, 2021 14:44 EST)

Print:  Tracy Morgan